IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVGHENIA JENES, | § | |
| | § | |
| *Plaintiff,* | § | SA-22-CV-00740-OLG |
| | § | |
| vs. | § | |
| | § | |
| SECRETARY OF VETERANS AFFAIRS, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion to Dismiss Plaintiff's Amended Complaint [#20]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#8]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be granted in part and denied in part.

## I. Background

Plaintiff Evghenia Jenes filed this suit against Defendant Secretary of Veterans Affairs d/b/a Audie L. Murphy V.A. Hospital, alleging discrimination, a hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), the Texas Commission on Human Rights, and Chapter 21 of the Texas Labor Code ("Texas Labor Code"). (Am. Compl. [#18], at 9.) Plaintiff's Amended Complaint pleads that she is Russian, worked as a Registered Nurse for

1

Defendant beginning in August 2019, and suffered discrimination and retaliation based on her race, sex, national origin, and disability.

Plaintiff's factual allegations center around Plaintiff's participation in a required "TEAM STEPPS" class for Defendant's employees aimed at decreasing patient harm held in October 2019.  (*Id.* at 3–4.)  Plaintiff claims she suffered harassment by her supervisor, Celinda Martinez, as a result of her participation in the class and was unfairly reprimanded for bringing up multiple safety issues and offering proposed solutions during the class discussions.  (*Id.*)  Plaintiff alleges that after the class, she was excluded from workplace and social activities, targeted with fabricated documentations in her employment file (including a retaliatory memorandum by Ms. Martinez in December 2019), denied promotional opportunities, subjected to adverse work schedules, placed on an unwarranted Performance Improvement Plan ("PIP"), and removed from direct patient care in February 2020.  (*Id.* at 4–5.)  All of this allegedly led to a denial of advancement and ultimately Plaintiff's constructive discharge sometime in early 2020.  (*Id.* at 4.)  Plaintiff attaches her Complaint of Employment Discrimination filed with the Department of Veterans Affairs in March 2022 to her pleadings.  (Charge [#18-1], at 1–6.)

Defendant has moved to dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6).  Plaintiff filed a response in opposition to the motion [#21].  However, the response was untimely under this Court's Local Rules, as it was filed six days beyond the 14-day deadline for responding to a motion to dismiss.  *See* W.D. Tex. Loc. R. CV-7(d).  Under Rule 6(b)(1) of the Federal Rules of Civil Procedure, when an act must be done within a specified time, the court may, for good cause, extend the time either "(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its

extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Defendant raised the issue of the untimeliness of Plaintiff's response [#21] in its reply in support of its motion to dismiss.  (*See* Reply [#22], at 2.).  Plaintiff did not, however, submit any additional motion or filing with the Court that might have provided a basis for a finding of excusable neglect regarding the untimeliness of the filing.  The Court will therefore *sua sponte* strike the response as untimely, as well as Plaintiff's request for further opportunity to amend contained therein.  However, because Defendant's motion requests the dismissal of Plaintiff's claims and could therefore be dispositive of the entire case, the Court will review the motion on its merits, rather than granting the motion as unopposed.  *See* W.D. Tex. Loc. R. CV-7(d).

## II.  Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).

However, a Court need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570.

### III. Analysis

Plaintiff's Amended Complaint asserts claims under Title VII, the Rehabilitation Act, the ADA, the Texas Commission on Human Rights, and the Texas Labor Code. The District Court should dismiss Plaintiff's state law claims and Plaintiff's claims of disability discrimination under the ADA and Rehabilitation Act. Plaintiff's national origin discrimination, sex discrimination, and retaliation claims under Title VII should proceed to discovery, but her race discrimination and hostile work environment claims should be dismissed.

**A.      Plaintiff's state-law claims should be dismissed.**

Plaintiff's Amended Complaint asserts claims under the Texas Labor Code and references the Texas Commission on Human Rights. Chapter 21 of the Texas Labor Code, formerly known as the Texas Commission on Human Rights Act, prohibits employment discrimination on the basis of race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code § 21.051. Plaintiff's state-law claims should be dismissed based on the doctrine of sovereign immunity.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign

4

immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009) (internal quotations and citations omitted).

The Texas Legislature has explicitly waived the sovereign immunity of the State of Texas as to claims under the Texas Labor Code filed in state court by including state agencies in the Act's definition of "employer." Tex. Lab. Code § 21.002(8); *King v. Tex. Dep't of Human Servs. ex rel. Bost*, 28 S.W.3d 27, 30 (Tex. App.—Austin, 2000, no pet. h.). Yet, Texas has not waived its Eleventh Amendment immunity as to such claims filed in federal court. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002). Nor has the United States waived its own sovereign immunity with respect to claims arising under the Texas Labor Code. Moreover, the Supreme Court has established and the Fifth Circuit has repeatedly emphasized that Title VII is the exclusive and preemptive remedy for claims of discrimination in federal employment. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996); *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992). Plaintiff's state-law claims must therefore be dismissed.

**B.    Plaintiff's claims of disability discrimination or retaliation based on a disability should be dismissed.**

The District Court should also dismiss Plaintiff's claims of disability discrimination under the ADA and the Rehabilitation Act. The federal government—including its agencies such as the Department of Veterans Affairs—is expressly excluded from the coverage of the ADA by statute. *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (citing 42 U.S.C. § 12111(5)(B)(i)). Instead, the Rehabilitation Act, which prohibits disability discrimination by recipients of federal funding, is the "exclusive remedy" for federal employees claiming disability discrimination. 29 U.S.C. § 794; *Carter v. Ridge*, 255 Fed. App'x 826, 829 (5th Cir. 2007).

Plaintiff's claims of disability discrimination should therefore be construed as arising solely under the Rehabilitation Act. This is a technical distinction that makes no substantive difference, however, as the elements necessary to plead a cause of action of disability discrimination under the Rehabilitation Act and the standards governing such claims are operationally identical to those required to state a claim under the ADA. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004). Under both statutes, to plead a prima facie case of disability discrimination, Plaintiff must plead (1) she is a qualified individual with a disability; (2) she suffered discrimination; and (3) the discrimination was due to her disability. *Windham v. Harris Cnty., Tex.*, 875 F.3d 229, 235 (5th Cir. 2017). Plaintiff's Amended Complaint contains no factual allegations related to disability discrimination and has failed to state a plausible claim under the Rehabilitation Act.

The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). Plaintiff's Amended Complaint does not identify her claimed disability or allege any facts regarding how the claimed disability substantially limits a major life activity. Plaintiff's administrative charge, however, identifies her disabilities as ADD and depression. (Charge [#18-1], at 3.) Even if the Court were to consider the allegations in Plaintiff's charge regarding her claimed disability, neither her Amended Complaint nor her administrative complaint include any allegations regarding how these conditions affect a major life activity or plead facts giving rise to a plausible claim of discrimination on the basis of ADD and depression. The Court should dismiss Plaintiff's claims of disability discrimination.

Nor has Plaintiff pleaded any plausible claim of retaliation based on a disability. Under the ADA, there is no requirement that the plaintiff suffer from an actual disability; where an

employee has a good faith belief that she is disabled or perceived as disabled, making a request for reasonable accommodation or complaining about ADA violations may constitute protected activity. *Tabatchnik v. Cont'l Airlines*, 262 Fed. App'x 674, 676 & n.1 (5th Cir. 2008). There are no factual allegations in Plaintiff's Amended Complaint that she complained about discrimination based on a disability. This claim should also be dismissed.

## C. Plaintiff pleads plausible claims of national-origin and sex discrimination and retaliation under Title VII but not a hostile work environment or race discrimination.

A plaintiff establishes a *prima facie* case of discrimination under Title VII by showing that she (1) is a member of a protected group; (2) was qualified for the position she held; (3) was subjected to an adverse employment action; and (4) was treated less favorably than others similarly situated outside of her protected class. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017). Although a plaintiff does not have to establish a *prima facie* case of discrimination at the pleading stage, she must nevertheless plead sufficient facts on the "ultimate elements" of a discrimination claim to survive a motion to dismiss. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). There are two ultimate elements she must plead: (1) an adverse employment action, (2) taken against her because of her protected status. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019). To establish these ultimate elements, a plaintiff must allege sufficient facts to "nudge [her] claims across the line from conceivable to plausible." *Id.* at 768 (quoting *Twombly*, 550 U.S. at 547).

Plaintiff has adequately pleaded an adverse employment action. Defendant argues Plaintiff has not pleaded an adverse employment action but in doing so relies on outdated precedent. The Fifth Circuit recently explained that adverse employment actions are not limited to ultimate employment decisions but rather need only affect a term, condition, or privilege of

employment. *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023). Plaintiff's Complaint alleges that she was excluded from workplace activities, denied promotional opportunities, subjected to adverse work schedules, placed on a PIP, removed from direct patient care, and ultimately constructively discharged. These acts constitute an adverse employment action because they affected a term, condition, or privilege of employment.

Plaintiff also pleads she suffered these adverse actions because she is Russian and female. Defendant argues that Plaintiff has not included sufficient factual allegations in her Amended Complaint regarding discrimination on the basis of her Russian and female identities sufficient to make her claims plausible as opposed to merely conceivable. The undersigned disagrees. Defendant cites various cases from the Western District of Texas in support of dismissal. Yet these cases are inapposite. The pleadings in one of the cases contained virtually no allegations regarding discrimination based on a protected characteristic. *See Quest v. Bandera Cnty.*, No. 5:13-CV-00506-DAE, 2013 WL 6835147, at *6 (W.D. Tex. Dec. 26, 2013) (granting motion to dismiss but allowing repleading where the plaintiff alleged she was fired for making a mistake on forms but did not include any allegations about comparators or discrimination on the basis of her age). The other cited case was in a summary judgment posture. *Nadeau v. Echostar*, No. EP-12- CV-433-KC, 2013 WL 5874279, at *11–12 (W.D. Tex. Oct. 30, 2013) (granting motion for summary judgment on claim of age discrimination for failure to identify any evidence from which jury could infer age discrimination through either direct evidence or comparator evidence).

Plaintiff's Amended Complaint includes allegations that non-Russian nurses who participated in the TEAM STEPPS class were not subjected to the same adverse actions as Plaintiff. (Am. Compl. [#18], at ¶ 14.) Plaintiff further alleges that she was denied the

opportunity to correct any alleged misconduct in the workplace whereas male, non-Russian nurses were permitted to do so, and that male nurses generally received more preferential treatment.  (*Id.* at ¶¶ 29, 41.)  Plaintiff specifically identifies two male nurses, Albert Martinez and Ryan Robisheaux, who allegedly engaged in workplace misconduct and violated company policy and who were not treated similarly to Plaintiff or subjected to disciplinary sanctions.  (*Id.* at ¶¶ 31–36, 44.)  Although these allegations are fairly general, they are sufficient to state a plausible claim of national origin and sex discrimination at the pleading stage of these proceedings.  Plaintiff has not pleaded any facts related to race discrimination, however, so her race discrimination claim should be dismissed. Although Plaintiff's national origin and sex discrimination claims may go forward, Plaintiff is reminded that to prevail on her claims, she must prove that the non-Russian, male comparators that she identified must be similarly situated to her in all relevant respects.  *See Hinga v. MIC Grp., L.L.C.*, 609 Fed. App'x 823, 827 (5th Cir. 2015) (defining similarly situated comparator as having held the same job responsibilities, same supervisor, and comparable violation histories and yet dissimilar employment decisions).

Plaintiff also pleads a plausible claim of Title VII retaliation based on her Russian and female protected characteristics.  To establish a *prima facie* claim of retaliation under Title VII, Plaintiff must establish (1) that she engaged in activity protected by the statute, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.  *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).  An employee has engaged in activity protected by Title VII if she has either (1) "opposed any practice made an unlawful employment practice" by Title VII or (2) "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII, even by lodging an informal complaint. 42 U.S.C. § 2000e–3(a); *Hagan v.*

*Echostar Satellite LLC*, 529 F.3d 617, 626 (5th Cir. 2008).  The opposition clause of § 2000e–3(a) requires the employee to demonstrate that she had at least a "reasonable belief" that the practices she opposed were unlawful.  *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981).

Plaintiff's administrative charge was not filed until March 1, 2022, approximately two years after her alleged discharge.  Thus, it appears her charge was untimely, although Defendant has not raised this.  Regardless, Plaintiff also alleges that she expressed her concerns of discrimination, retaliation, and other "unethical, illegal, and immoral conduct" to Defendant (in meetings with Ms. Martinez and Assistant Nurse Manager Natalie Valdez) prior to being asked to resign and to being subjected to other alleged adverse employment actions and that the protected conduct occurred in temporal proximity to the adverse actions.  (Am. Compl. [#18], at ¶¶ 4, 6. 13, 16, 32, 33, 43.)  At the pleading stage, these allegations are sufficient to plead protected activity and causation.

However, Plaintiff has not pleaded discrimination based on a hostile work environment. For workplace harassment to constitute actionable discrimination, the harassment must be so severe and pervasive and permeated with discriminatory intent so as to alter the terms and conditions of employment.  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).  Plaintiff's Amended Complaint alleges a series of acts by her supervisor that plausibly constitute adverse employment, but these acts (even taken together) do not rise to the level of severe and pervasive harassment giving rise to a plausible claim of a hostile work environment.  Plaintiff's hostile work environment claim should be dismissed.

10

## IV.  Conclusion, Order, and Recommendation

Having considered Defendant's motion, the allegations in Plaintiff's First Amended Complaint, and the governing law:

**IT IS THEREFORE ORDERED** that Plaintiff's Response [#21] is **STRICKEN**; and

**IT IS RECOMMENDED** that that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [#20] be **GRANTED IN PART AND DENIED IN PART** as follows:

- Plaintiff's state law claims under the Texas Labor Code should be dismissed;

- Plaintiff's claims of disability discrimination and retaliation under the ADA and Rehabilitation Act should be dismissed;

- Plaintiff's claims of a hostile work environment and race discrimination under Title VII should be dismissed; and

- Plaintiff's claims of national-origin and sex discrimination and retaliation under Title VII should survive Defendant's motion to dismiss.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the

11

proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 11th day of December, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

12