IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVGHENIA JENES, | § § § | |
| *Plaintiff,* | § § § | SA-22-CV-00740-OLG |
| vs. | § § § | |
| SECRETARY OF VETERANS AFFAIRS, | § § § | |
| *Defendant.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion for Summary Judgment [#37], which asks the Court to grant Defendant summary judgment due to Plaintiff's failure to exhaust administrative remedies. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant's motion be granted.

**I.  Background**

Plaintiff Evghenia Jenes filed this suit against Defendant Secretary of Veterans Affairs d/b/a Audie L. Murphy V.A. Hospital ("the VA"), alleging discrimination, a hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Rehabilitation Act, the Americans with Disabilities Act, the Texas Commission on Human Rights, and Chapter 21 of the Texas Labor Code. (Am. Compl. [#18], at 9.) Jenes's Amended

Complaint, which is the live pleading, pleads that she is Russian, worked as a Registered Nurse for the VA beginning in August 2019, and suffered discrimination and retaliation based on her race, sex, national origin, and disability.

The VA moved to dismiss Jenes's Amended Complaint for failure to state a claim under Rule 12(b)(6), and the Court granted the motion in part, dismissing all of Jenes's claims except her claims of national-origin and sex discrimination and retaliation under Title VII.  (Order [#33].)  The VA now moves for summary judgment on these remaining claims, arguing the summary judgment record establishes that Jenes failed to timely exhaust administrative remedies before filing suit.

## II.  Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th

Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

### III. Analysis

The VA asks the Court to grant it summary judgment based on Jenes's failure to exhaust her administrative remedies as to her remaining Title VII claims.[1] Title VII requires a federal employee claiming discrimination to first raise a complaint to his or her employing agency within 45 days of the alleged discriminatory conduct. 29 C.F.R. § 1614.105(a)(1). If the EEO counselor is unable to resolve the matter informally, the counselor notifies the employee of the right to file a formal administrative complaint with the employing agency. *Id.* § 1614.105(d). If the EEO contact fails to resolve the matter, the employee must file a formal complaint with the agency responsible for the discrimination within 15 days of the counselor's notice. *Id.* § 1614.105(d), 1614.106(a), (b). The agency shall dismiss an entire complaint that fails to comply with the applicable time limits contained in § 1614.106 unless the agency extends the time limits based on waiver, estoppel, or equitable tolling. *Id.* §§ 1614.107(a)(2), 1614.604(f).

---

[1] The undersigned notes that Jenes devotes much of her response to the VA's summary judgment motion arguing the merits of her Title VII claims. Whether Jenes raised a fact issue on her Title VII claims is not at issue in the VA's motion.

3

A complainant may appeal an agency's final action or dismissal of a complaint to the Equal Employment Opportunity Commission ("EEOC") within 30 days of receipt of the dismissal, final action, or decision. *Id.* §§ 1614.401(a), 1614.402(a). A complainant may file a civil action in federal court (a) within 90 days of the notice of a final agency decision (if no appeal has been filed), (b) within 90 days of receipt of the EEOC's final decision on appeal, or (c) within 180 days from the filing of the appeal if the EEOC has not yet issued a decision. *Id.* § 1614.407. Administrative exhaustion is not a jurisdictional requirement, but it is a mandatory prerequisite to filing suit. *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 550 (2019); *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021).

The alleged discrimination and retaliation at issue in this case allegedly occurred between October 2019 and April 2020. (Am. Compl. [#18], at ¶¶ 7–29). The factual allegations center around Jenes's participation in a required "TEAM STEPPS" class held in October 2019 for the VA's employees aimed at decreasing patient harm. (*Id.* at ¶¶ 10–11.) Jenes claims she suffered harassment by her supervisor, Celinda Martinez, due to her participation in the class and was unfairly reprimanded for bringing up multiple safety issues and offering proposed solutions during the class discussions. (*Id.*) Jenes further alleges that after the class, she was excluded from workplace and social activities, targeted with fabricated documentations in her employment file (including a retaliatory memorandum by Ms. Martinez in December 2019), denied promotional opportunities, subjected to adverse work schedules, placed on an unwarranted Performance Improvement Plan ("PIP"), removed from direct patient care, and constructively discharged in February 2020. (*Id.* at ¶¶ 15–27.) Jenes alleges that after her discharge, in April 2020, she sent a letter to Judith Ruiz (whose title is not identified in the pleadings) complaining about the investigation into her complaints. (*Id.* at ¶¶ 28–29.)

The summary judgment record establishes that Jenes first initiated contact with an EEO counselor on January 31, 2022, approximately two years after her alleged February 2020 constructive discharge.  (Final Agency Decision [#37-2], at 1.)  Jenes then filed a formal administrative complaint with the VA on March 1, 2022.  (VA Compl. [#39-2], at 2–7.)  On April 14, 2022, the VA dismissed the complaint as untimely, finding that anything occurring before December 17, 2021, was beyond the 45-day time limit for initiating timely contact with an EEO counselor, and the most recent event raised in Jenes's administrative complaint occurred on February 25, 2020, 661 days beyond the 45-day time limit.  (Final Agency Decision [#37-2], at 4–5.)  Jenes filed this suit on July 12, 2022.

The summary judgment record establishes that Jenes failed to timely exhaust her administrative remedies because Jenes failed to make contact with an EEO counselor within 45 days of the alleged discriminatory conduct, which occurred in 2019 and 2020.  Jenes argues her first EEO contact in January 2022 was timely because she suffered ongoing discrimination and retaliation, as well as a hostile work environment, through February 3, 2022.  There are several issues with Jenes's argument.  First, the Amended Complaint does not contain any allegations regarding any incidents occurring after April 2020.  Nor does the VA administrative complaint Jenes ultimately filed on March 1, 2022.  (VA Compl. [#39-2], at 2–7.)  The VA administrative complaint, like the Amended Complaint in this civil action, focuses on events occurring in 2019 and 2020.  It is undisputed that Jenes did not make contact with an EEO counselor until two years after these events, far beyond the 45-day window prescribed by the governing regulations.

Moreover, after February 2020, Jenes was no longer an employee of the VA.  As a former employee, she may seek Title VII's protection for the 2021 and 2022 incidents only if "the alleged discrimination is related to or arises out of the employment relationship."  *E.E.O.C.*

5

*v. Cosmair, Inc., L'Oreal Hair Care Div.*, 821 F.2d 1085, 1088 (5th Cir. 1987).  Again, Jenes does not discuss incidents from 2021 and 2022 in her Amended Complaint (or VA administrative complaint), but there were several incidents from this later time period referenced in the VA's final agency decision dismissing Jenes's claims as untimely.  (Final Agency Decision [#37-2], at 1–2.)  The VA agency decision references incidents involving a VA police officer questioning Jenes about a report that she intended to harm VA employees, employment matters concerning Jenes's husband, and issues with the State of Texas Board of Nursing.  (*Id.*)  These events are not at issue in this case, do not arise out of Jenes's employment, and do not and cannot form the basis of the Title VII claims asserted in Jenes's Amended Complaint.

Jenes asks the Court to apply the principle of equitable tolling to excuse her untimely EEO contact, arguing that she did not seek EEO counseling at an earlier date because she was never informed of the EEO process and instead chose to speak to a union representative.  "Failure to notify the EEO counselor in timely fashion may bar a claim" unless the claimant successfully asserts "a defense of waiver, estoppel, or equitable tolling."  *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992).   Equitable tolling is required "where the employee lacks actual and constructive notice of the informal complaint requirement."  *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).  Jenes, as the party seeking equitable tolling, bears the burden of establishing that she lacked notice of the EEO process.  *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 2003); *see also* 29 C.F.R. § 1614.105(a)(2) (agency shall extend 45-day time limit when individual shows she was not notified of the time limits and was not otherwise aware of them).  Jenes has not satisfied this burden.

The summary judgment record contains the undisputed declaration of Rhonda Denise Leal, EEO Manager for the VA, which states that Jenes received EEO-related training on two

6

occasions in 2019 (October 4 and October 2019) describing the EEO complaint process, including the 45-day requirement for initiating contact with an EEO counselor following an alleged discriminatory event. (Leal Decl. [#37-3], at 1.) Jenes received Certificates of Completion for both trainings. (Certificate of Completion [#37-3], at 2–3.) Additionally, the record establishes that the VA posted notice of the 45-day time limit in various locations in the VA facility where Jenes worked. (Leal Decl. [#37-3], at 1.) Lastly, the record confirms that Jenes "was aware of the 45-day time frame because she was part of the 'ALL STX USER' mail group that received the annual 'EEO Policy Statement' and 'Policy for The Prevention of Workplace and Sexual Harassment,' and she received EEO-related materials provided to new hires at the facility when she began her employment." (*Id.*) The Fifth Circuit "does not require employers to prove that individual employees were aware of the counseling requirement; they need only prove that they provided adequate notice." *O'Hara v. Donahoe*, 595 Fed. App'x 367, 370 (5th Cir. 2014). Jenes has failed to satisfy her burden to show that equitable tolling is justified or required here.

In summary, because Jenes failed to initiate EEO contact within 45 days of the alleged discriminatory conduct at issue in this suit, she failed to timely exhaust her administrative remedies as to her remaining Title VII claims. Therefore, Defendant is entitled to summary judgment on these claims.

### IV.  Conclusion and Recommendation

Having considered Defendant's motion, the response, and reply, the pleadings, and the governing law, the undersigned recommends that Defendant's Motion for Summary Judgment [#37] be **GRANTED**.

### **V.  Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §

636(b)(1).

SIGNED this 4th day of October, 2024.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE